# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JODY EZELL, Derivatively on Behalf of Nominal Defendant CABOT OIL & GAS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>DAN O. DINGES, SCOTT C. SCHROEDER, DOROTHY M. ABLES, RHYS J. BEST, ROBERT S. BOSWELL, AMANDA M. BROCK, PETER B. DELANEY, ROBERT KELLEY, W. MATT RALLS, and MARCUS A. WATTS,<br><br>Defendants,<br><br>and<br><br>CABOT OIL & GAS CORPORATION,<br><br>Nominal Defendant. | C.A. No.: 3:20-cv-01948-CCC<br><br>**JOINT STIPULATION AND ORDER CONSOLIDATING RELATED SHAREHOLDER DERIVATIVE ACTIONS, ACCEPTING SERVICE, AND ESTABLISHING A LEADERSHIP STRUCTURE** |
| LEON FISCHER, derivatively on behalf of CABOT OIL & GAS CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>DAN O. DINGES, SCOTT C. SCHROEDER, DOROTHY M. ABLES, RHYS J. BEST, ROBERT S. BOSWELL, AMANDA M. BROCK, PETER B. DELANEY, ROBERT KELLEY, W. MATT RALLS, and MARCUS A. WATTS,<br><br>Defendants,<br><br>and<br><br>CABOT OIL & GAS CORPORATION,<br><br>Nominal Defendant. | C.A. No. 3:20-cv-02119-RDM |

Plaintiffs and Defendants in the above-captioned actions respectfully submit the following stipulation and proposed order with respect to the consolidation of these actions. Plaintiffs have proposed to consolidate these actions under the first-filed *Ezell* case number before Judge Conner and to appoint co-lead and liaison counsel for plaintiffs in the prospective combined action. Defendants stipulate to the proposed consolidation, take no position on Plaintiffs' request to appoint counsel, and have agreed to accept service of both complaints on the terms below. The parties also propose that the deadline for responding to the complaints be deferred pending the submission of a proposed schedule following entry of a consolidation order.

WHEREAS, on October 22, 2020, plaintiff Jody Ezell ("Plaintiff Ezell") filed a shareholder derivative action on behalf of nominal defendant Cabot Oil & Gas Corporation ("Cabot" or the "Company") in this Court for breaches of fiduciary duties, contribution for violations of Sections 10(b) and 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), and insider trading (i.e. *Brophy* claim) against nominal defendant Cabot and defendants Dan O. Dinges, Scott C. Schroeder, Dorothy M. Ables, Rhys J. Best, Robert S. Boswell, Amanda M. Brock, Peter B. Delaney, Robert Kelley, W. Matt Ralls, and Marcus A. Watts (collectively, the "Individual Defendants," and together with Cabot, "Defendants"), captioned *Ezell v. Dinges, et al.*, Case No. 3:20-cv-01948-CCC (the "*Ezell* Action");

WHEREAS, on November 13, 2020, plaintiff Leon Fischer ("Plaintiff Fischer," and together with Plaintiff Ezell, "Plaintiffs") filed another shareholder derivative action on behalf of nominal defendant Cabot in this Court alleging substantially similar facts and making similar claims including for breaches of fiduciary duties, unjust enrichment, waste of corporate assets, violations of Sections 14(a), 10(b), and 20(a) of the Exchange Act, and for contribution under Sections 10(b) and 21(D) of the Exchange Act against the same defendants as the *Ezell* Action, captioned *Fischer v. Dinges, et al.*, Case No. 3:20-cv-02119-RDM (the "*Fischer* Action," and

2

together with the *Ezell* Action, the "Related Derivative Actions");

WHEREAS, Defendants are all represented by the same counsel;

WHEREAS, under Fed. R. Civ. P. 42(a), when actions involve "a common question of law or fact," the Court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay";

WHEREAS, the Related Derivative Actions challenge substantially the same alleged conduct by the same Company directors and officers and involve substantially the same questions of law and fact;

WHEREAS, the parties therefore respectfully submit that consolidation of the Related Derivative Actions is appropriate;

WHEREAS, to avoid potentially duplicative actions and to prevent any waste of the Court's and nominal defendant's resources, the parties agree that the Related Derivative Actions should be consolidated for all purposes, including pre-trial proceedings and trial, into a single consolidated action; and

WHEREAS, in order to realize the efficiencies made possible by consolidation of the Related Derivative Actions, Plaintiffs agree that The Brown Law Firm, P.C. and Glancy Prongay & Murray LLP, shall be designated as Co-Lead Counsel representing plaintiffs in the consolidated action;

WHEREAS, Plaintiffs also agree that The Rosen Law Firm, P.A. shall be designated Liaison Counsel representing plaintiffs in the consolidated action;

WHEREAS, without waiving any rights, arguments or defenses, Defendants agree the Related Derivative Actions should be consolidated and take no position regarding appointment of Co-Lead Counsel or Liaison Counsel;

WHEREAS, this stipulation is not a waiver of any of the parties' rights, remedies, claims, objections to venue or jurisdiction, grounds for transfer or dismissal, defenses or other legal

positions, other than with respect to sufficiency of service of process.

WHEREFORE, the parties, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an Order as follows:

1. Defendants, through their undersigned counsel, hereby accept service of the complaints in the *Ezell* Action and the *Fischer* Action.

2. The following actions are hereby consolidated for all purposes, including pre-trial proceedings and trial, under Case No. 3:20-cv-01948-CCC (the "Consolidated Action"), pursuant to Federal Rule of Civil Procedure 42(a):

| Case Name | Case Number | Date Filed |
|---|---|---|
| *Ezell v. Dinges, et al.* | 3:20-cv-01948-CCC | October 22, 2020 |
| *Fischer v. Dinges, et al.* | 3:20-cv-02119-RDM | November 13, 2020 |

3. Every pleading filed in the Consolidated Action, or in any separate action included herein, must bear the following caption:

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE CABOT OIL & GAS CORPORATION DERIVATIVE LITIGATION | Lead Case No. 3:20-cv-01948-CCC |

4. All papers filed in connection with the Consolidated Action will be maintained in one file under Lead Case No. 3:20-cv-01948-CCC.

5. Co-Lead Counsel for plaintiffs for the conduct of the Consolidated Action shall be:

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
240 Townsend Square
Oyster Bay, NY 11771
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

**GLANCY PRONGAY & MURRAY LLP**
Benjamin I. Sachs-Michaels
712 Fifth Avenue
New York, New York 10019
Telephone: (212) 935-7400
E-mail: bsachsmichaels@glancylaw.com

-and-

Robert V. Prongay
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
E-Mail: rprongay@glancylaw.com

6. Plaintiffs' Co-Lead Counsel shall have the sole authority to speak for plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

7. Co-Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings shall be initiated or filed by any plaintiffs except through Co-Lead Counsel.

8. Liaison Counsel for plaintiffs for the conduct of the Consolidated Action shall be:

**THE ROSEN LAW FIRM, P.A.**
Jacob A. Goldberg
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Tel: (215) 600-2817
Fax: (212) 202-3827
Email: jgoldberg@rosenlegal.com

9. Plaintiffs' Liaison Counsel shall be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to

counsel. Liaison Counsel shall be responsible for creating and maintaining a master service list of all parties and their respective counsel.

10. Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representatives of Co-Lead Counsel, and such agreements shall be binding on all plaintiffs in the Consolidated Action.

11. This Order shall apply to each derivative case arising out of the same, or substantially the same, transactions or events as the Consolidated Action, that is subsequently filed in, removed to, reassigned to, or transferred to this Court. When a derivative case that properly belongs as part of *In re Cabot Oil & Gas Corporation Derivative Litigation*, Lead Case 3:20-cv-01948-CCC, is hereafter filed in this Court, reassigned to this Court, or transferred here from another court, this Court requests the assistance of counsel in calling to the attention of the Clerk of the Court the filing, reassignment, or transfer of any derivative case that might properly be consolidated as part of *In re Cabot Oil & Gas Corporation Derivative Litigation*, Lead Case 3:20-cv-01948-CCC, and counsel are to assist in assuring that counsel in subsequent actions receive notice of this order.

12. Within 30 days of the date that the Court enters this order, the parties shall meet and confer and submit a proposed schedule with the Court, and Defendants need not respond to the complaints in the *Ezell* Action or the *Fischer* Action until the deadline set in the Court's ruling on the parties' proposed schedule.

13. This Stipulation is without prejudice to any parties' rights, remedies, claims, objections to venue or jurisdiction, grounds for transfer or dismissal, defenses or other legal positions, other than with respect to objections by Defendants to sufficiency of service of process.

14.     The Clerk of Court is DIRECTED to close *Fischer v. Dinges, et al.*, Case No. 3:20-cv-02119-RDM.

IT IS SO ORDERED.

Dated: December 9, 2020                               /S/ CHRISTOPHER C. CONNER
                                                      Hon. Christopher C. Conner
                                                      U.S. District Court Judge